■ In the Matter of the CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Real Property for EAST NEW YORK [I] COMMUNITY DEVELOPMENT PLAN SECTION II. WILLONIA AMUSEMENT Co., INC., Appellant.— In a condemnation proceeding, claimant appeals from that part of a judgment of the Supreme Court, Kings County, dated March 28, 1972, which made an award for its parcel. Judgment modified, on the law and the facts, by amending its second decretal paragraph to provide for the payment to claimant of the additional sum of $63,700 as just compensation for its damaged parcel. As so modified judgment affirmed insofar as appealed from, with costs to claimant. In 1949, claimant Willonia Amusement Co., Inc., leased its theatre to Frizler Holding Corporation which sublet the theatre to Metropolitan Playhouses, Inc., at a base annual rental of $39,000 for a term beginning in September, 1954 and ending in August, 1975. Metropolitan sublet the theatre to Randforce Amusement Corporation, later merged with United Artists Theater Circuit, Inc., for the latter term and at the same rental. For a 10-year term commencing in January, 1959, Randforce Amusement Corporation sublet virtually the entire theatre to Piel Bros. as a warehouse at a base annual rental of $12,000. In October, 1959, Frizler and Metropolitan agreed to reduce the base rent in their lease to $26,520. The Piel Bros. rental was paid to Metropolitan who annually paid $26,250 to Willonia. But for the taking of Willonia's theatre by the city in June, 1968, Metropolitan, 95.5% of whose stock was owned by United Artists Theater Circuit, Inc., and whose financial responsibility was undisputed, would have continued to pay the rental due pursuant to its lease with Frizler. Special Term, in computing Willonia's award, determined the fair market value of Willonia's theatre as a property best used as a warehouse but erroneously refused to include within the award the present value of that part of the rent reserved in the Frizler-Metropolitan lease which was in excess of the property's reasonable rental value. In our opinion, notwithstanding that the rental paid by Metropolitan to Frizler was unrelated to the best use found by Special Term, Willonia was entitled to recover its property's excess rental value because that sum represented the value that Willonia would have received from Metropolitan pursuant to its lease with Frizler had con-

demnation not intervened (*Matter of City of N. Y. [Lincoln Sq. Slum Clearance Project]*, 15 A D 2d 153, 170). Hopkins, Acting P. J., Martuscello, Shapiro, Christ and Brennan, JJ., concur.